IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CR-100-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DOUGLAS EDWARD COOK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Suppress which was filed on January 19, 2022. Doc. 10.

"[A]n evidentiary hearing is not always required to resolve a motion to suppress." United States v. Griffin, 811 Fed. Appx. 815, 816 (4th Cir. 2020) (per curium) (citing Fed. R. Crim. P. 12(c)). "[A] hearing is required only if the motion to suppress is 'sufficiently definite, specific, detailed, and non-conjectural' to enable a district court to conclude that contested issues of fact going to the validity of the search are in question." Id. (internal citation omitted).

"The defendant bears the burden of identifying the disputed issue and demonstrating materiality." United States v. Shah, No. 5:13-cr-328-FL, 2015 WL 72118, at *19 (E.D.N.C. Jan. 6, 2015); see also United States v. Francois, 715 F.3d 21, 32 (1st Cir. 2013) ("A hearing is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and

1

that such facts cannot reliably be resolved on a paper record."); United States v. Hamidullin, No. 3:14cv140-HEH, 2015 WL 4393393, at *5 (E.D. Va. July 14, 2015) ("Stated another way, an evidentiary hearing is appropriate where the Defendant alleges a definite disputed factual issue and demonstrates its materiality.") (citing United States v. McGaughy, 485 F.3d 965, 969 (7th Cir. 2007)).

In his Motion, Defendant asks the Court to suppress "evidence obtained by the government subsequent to [his] unconstitutional arrest." Defendant also states that he is requesting an evidentiary hearing. Doc. 10.

On January 26, 2022, the Government filed a response which argues that the motion "is nonsensical" because Defendant has not identified any evidence seized from an unlawful arrest and that Defendant's claim that his arrest was unlawful is meritless because he committed misdemeanors in the presence of law enforcement officers. Further, the Government interprets Defendant's position as being that the officers acted improperly and therefore that he had the right to defend himself; this argument, says the Government, may be asserted as a defense at trial, but it is not the basis for the suppression of evidence. Finally, the Government contends that a hearing is unnecessary as Defendant has failed to identify any suppressible evidence. Doc. 11.

Under these circumstances, the undersigned finds that it would be helpful to hear further from Defendant as to whether a hearing on Defendant's

2

Case 1:21-cr-00100-MR-WCM   Document 12   Filed 02/01/22   Page 2 of 3

Motion should be conducted, including more specifically what evidence Defendant seeks to suppress.

Defendant is therefore **DIRECTED** to file a reply to the Government's Response (Doc. 11) on or before **February 11, 2022**.

It is so ordered.

Signed: February 1, 2022

W. Carleton Metcalf
United States Magistrate Judge