IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-CR-100-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DOUGLAS EDWARD COOK | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court concerning the potential revocation of Defendant's conditions of pretrial release.

I. Relevant Procedural Background

On July 16, 2021, Douglas Edward Cook ("Defendant") was charged in various Violation Notices with disorderly conduct; communicating threats; and resisting, delaying, or obstructing a public officer in relation to events that allegedly occurred at the Veterans Affairs Medical Center ("VAMC") in Asheville, North Carolina.

On August 10, 2021, Defendant was charged in additional Violation Notices relative to other alleged events at the VAMC.

On August 11, 2021, Defendant made an initial appearance on the August 10 charges.

Following proceedings on August 13, 2021, Defendant was released on conditions.

1

On December 7, 2021, Defendant was indicted on one (1) count of assaulting / resisting an officer in violation of 18 U.S.C. § 111(a)(1) and one (1) count of assaulting another resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). Doc. 1.[1]

On December 20, 2021, Defendant made an initial appearance and counsel was appointed for him. Defendant was arraigned and entered a plea of not guilty on both counts. Defendant was released pending trial subject to certain conditions. Doc. 6.

On January 19, 2022, Defendant filed a Motion to Suppress. Doc. 10. The undersigned held an evidentiary hearing on that Motion on March 2, 2022 and the Motion remains pending before the undersigned for the entry of a memorandum and recommendation.

On March 11, 2022, a Violation Report was filed alleging that Defendant had violated the terms and conditions of his pretrial release. Doc. 19.

Defendant was arrested on March 15, 2022 and a bond revocation hearing was held on March 16, 2022.

## II. Discussion

Pursuant to 18 U.S.C. § 3148, a judicial officer "shall enter an order of revocation and detention if, after a hearing," the court finds: 1) that there is

---

[1] The Violation Notices were dismissed without prejudice.

probable cause to believe that the defendant has committed a Federal, State, or local crime while on release, or that there is clear and convincing evidence that the defendant has violated any other condition of release and 2) that based on the factors in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety of any other person or the community, or that the defendant is unlikely to abide by any condition or combination of conditions of release.

In this case, the Violation Report alleged that Defendant had committed a new law violation and had violated the condition requiring him to refrain from possessing a firearm, destructive device, or other dangerous weapon.

During the bond revocation hearing, the Government called Captain Dillon Anderson of the Burke County Sheriff's Office, Detective Stephen Pinkerton of the VAMC Police Department, and Defendant's United States probation officer Jordan Horton. The Government also submitted a copy of a Criminal Summons that had been issued by a North Carolina state magistrate on January 8, 2022. Defendant's mother, Lisa Cook, testified on his behalf.

Following the presentation of evidence and argument as to whether bond violations had occurred, the undersigned found that there was probable cause to believe that Defendant had committed a Federal, State, or local crime while on release and that the Government had established by clear and convincing

3

evidence that Defendant had violated the firearm condition.

The Court then turned to the question of what action should be taken in response to the violations. The Government did not submit any further evidence on this issue. Defendant testified on his own behalf.[2]

Following argument, the undersigned took the matter under advisement. This order now follows.

The Government contends that Defendant should be detained, primarily citing the potential danger that Defendant poses to the community, while Defendant argues that the Court can fashion appropriate conditions of release.

The undersigned acknowledges Defendant's extended military service, and notes that he suffers from medical conditions that stem from injuries he sustained while serving. Nonetheless, having closely considered the evidence and arguments presented during the bond revocation hearing, and the other matters of record in this case, the undersigned concludes that, based on the factors set forth in Section 3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community.

---

[2] Before Defendant was allowed to testify, the undersigned discussed the matter with counsel for the parties, provided counsel with an opportunity to search for relevant authorities on the subject, considered those and other authorities, allowed Defendant an opportunity to consult with his attorney, and advised Defendant of the risks associated with testifying.

Accordingly, the Government's request that Defendant be detained is **GRANTED**, Defendant's conditions of release are **REVOKED**, and Defendant is **REMANDED** to the custody of the United States Marshal's Service pending further proceedings.

It is so ordered.

Signed: March 22, 2022

W. Carleton Metcalf
United States Magistrate Judge