**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:21-cr-00100-MR-WCM**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **DOUGLAS EDWARD COOK,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS MATTER is before the Court upon the Defendant's "Motion to Revoke Detention Order." [Doc. 24].

## I.    PROCEDURAL BACKGROUND

On July 16, 2021, the Defendant Douglas Edward Cook was charged in various Violation Notices with disorderly conduct, communicating threats, and resisting, delaying or obstructing a public officer in connection to events that allegedly occurred at the Veterans Affairs Medical Cetner ("VAMC") in Asheville, North Carolina.  On August 10, 2021, the Defendant was charged in additional Violation Notices related to other alleged events at the VAMC. On August 13, 2021, the Defendant was released on conditions.

On December 7, 2021, the Defendant was charged in a Bill of Indictment with one count of assault of a VAMC police officer, in violation of

18 U.S.C. §§ 111(a)(1) and (b), and one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6).[1]  [Doc. 1].  On December 20, 2021, a hearing was held before the Honorable W. Carleton Metcalf, United States Magistrate Judge, at which time the Defendant pled not guilty to the pending charges and was released on an unsecured bond.  [Docs. 5-6].  Judge Metcalf set a number of conditions of release for the Defendant, including:

> (1)     The defendant must not violate any federal, state or local law while on release.
>
> *     *     *
>
> (8)(n)   The defendant must . . . refrain from possessing a firearm, destructive device, or other dangerous weapons.

[Doc. 6].

On March 11, 2022, the U.S. Pretrial Services Office filed a Violation Report, alleging that the Defendant had violated the terms and conditions of his pretrial release by (1) incurring a new law violation, namely, a charge in Alexander County, North Carolina on January 8, 2022, of misdemeanor communicating threats, and (2) possessing multiple firearms on March 9, 2022.  [Doc. 19].

---

[1] Upon the Defendant's Indictment, the pending Violation Notices were dismissed without prejudice.

Judge Metcalf held a bond revocation hearing on March 16, 2022. After reviewing the evidence presented by the parties, and the arguments of counsel, Judge Metcalf found that there was probable cause to believe that the Defendant had committed a new law violation while on release. [Doc. 23 at 3]. Further, Judge Metcalf found that there was clear and convincing evidence that the Defendant had violated the firearms condition. [Id. at 3-4]. Judge Metcalf further found that no condition or combination of conditions of release would assure that the Defendant would not pose a danger to the safety of any other person or the community. [Id. at 4]. Accordingly, Judge Metcalf revoked the Defendant's bond and ordered him detained pending trial. [Id. at 5]. This appeal followed.

## II.    STANDARD OF REVIEW

Title 18 of the United States Code, section 3148, governs the review and appeal of revocation orders. This statute provides, in pertinent part, as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer --
>
> (1) finds that there is --
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

3

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that --

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).  In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo.  United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001).  In so doing, the Court "must make an independent determination of the proper pretrial detention or conditions of release."  Id.

## III.    ANALYSIS

Upon reviewing the evidence presented at the revocation hearing,[2] the Court agrees with the Magistrate Judge's factual findings that there is probable cause to believe that the Defendant had committed a federal, state or local crime while on release and that the Government had established by

---

[2] The Court has reviewed the audio recording of the bond revocation hearing.

4

clear and convincing evidence that the Defendant possessed multiple firearms in violation of the firearms condition of his release.

The Defendant argues that revocation of his bond is not warranted because he is not a danger to anyone. Specifically, the Defendant argues that during his extensive years of service in the U.S. military, he suffered a traumatic brain injury, for which he receives medical treatment at the VAMC. This injury, the Defendant contends, causes him to have poor social skills and to be rude in interacting with other people, but does not make him a danger to others. [Doc. 24 at 2-3].

While the Court acknowledges the Defendant's extensive military service and the medical conditions from which he suffers as a result of injuries he sustained during his service, the Court finds that the Defendant's conduct goes far beyond what his counsel classifies as mere "rudeness." At the revocation hearing, the Government presented clear and convincing evidence that the Defendant's father surrendered to law enforcement multiple firearms, as well as a suppressor, after the Defendant threatened his father with the firearms and repeatedly threatened to do him harm. Additionally, the Government demonstrated probable cause to believe that the Defendant had communicated multiple threats to physically injure another person and members of that person's family in a manner which would cause a reasonable

person to believe that the threat was likely to be carried out and the person threatened believed that the threat would be carried out.  The Defendant's possession of multiple firearms and repeated threats of physical harm to others support the Magistrate Judge's conclusion that there are no conditions or combination of conditions of release that will reasonably assure the safety of other persons and the community.

Having conducted an independent review of the FTR recording of the bond revocation hearing, the Magistrate Judge's Order revoking the Defendant's bond, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge's Order should be affirmed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Revoke Detention Order" [Doc. 24] is **DENIED**, and the Order of Detention [Doc. 23] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: April 11, 2022

Martin Reidinger
Chief United States District Judge

6