IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00100-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DOUGLAS EDWARD COOK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress [Doc. 10]; the Magistrate Judge's Memorandum and Recommendation regarding that motion [Doc. 26]; and the Defendant's Objections to the Recommendation of the Magistrate Judge [Doc. 30].

On March 2, 2022, the Honorable W. Carleton Metcalf, United States Magistrate Judge, conducted an evidentiary hearing on the motion to suppress. On April 6, 2022, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the motion to suppress be denied. [Doc. 26]. The Defendant timely filed Objections to the Memorandum and Recommendation on April 20, 2022. [Doc. 30].

At the heart of the Defendant's Motion to Suppress is whether the officers who arrested the Defendant had probable cause to believe that the

Defendant had violated 38 C.F.R. § 1.218(a)(4), which provides, in pertinent part, that "[t]he head of the facility, or designee, shall have authority to post signs of a prohibitory and directory nature" and that "[p]ersons, in and on property, shall comply with such signs of a prohibitory or directory nature ...." Because a violation of § 1.218(a)(4) is a misdemeanor, the resolution of this question brings before the Court the legal issue of whether the offense had to have been committed in the arresting officers' presence. As the Magistrate correctly noted, the law is unclear as to whether the Fourth Amendment requires "in presence" conduct. [Doc. 26 at 10-12]. Even if "in presence" conduct is required, however, it is clear that the officers personally observed the Defendant in the VAMC not wearing a mask. While the failure to wear a mask, without more, may be insufficient to establish a violation of § 1.218(a)(4), the officers also had personal knowledge of other circumstantial evidence that reasonably led the officers to believe that the Defendant was committing an offense. Specifically, the officers were aware that on the day of the Defendant's arrest, signs had been posted at the entrance of the facility requiring that all visitors wear masks upon entry; that the Defendant entered the building that day and thus would have passed such signage; and that the Defendant had a history of refusing to comply with face mask requirements. The officers' personal observation of the

2

Defendant failing to wear a mask, combined with their personal knowledge of this circumstantial evidence, gave them probable cause to believe that a violation of § 1.218(a)(4) had occurred.[1]

Upon conducting a *de novo* review of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's proposed findings of fact are correct and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Defendant's Objections and accepts the Magistrate Judge's recommendation that the Defendant's Motion to Suppress should be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections [Doc. 30] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 26] is **ACCEPTED**; and the Defendant's Motion to Suppress [Doc. 10] is **DENIED**.

---

[1] The Defendant argues that the Government failed to present any evidence at the suppression hearing "regarding the issuance of a [face mask] directive, the identity of the person issuing such directive, the time period during which any such directive was in force, any exemptions from any such directive, or even that any such directive was posted anywhere where Mr. Cook was on the day of his appointment." [Doc. 30 at 4-5]. In so arguing, however, the Defendant conflates the Government's burden at trial of proving the essential elements of the offense and the Government's burden at a suppression hearing of proving that probable cause existed to believe that such offense had been committed. For the reasons stated herein, as well as in the Memorandum and Recommendation, the Court concludes that officers had ample probable cause to believe that a violation of § 1.218(a)(4) had occurred.

3

**IT IS SO ORDERED.**

Signed: April 26, 2022

Martin Reidinger
Chief United States District Judge